**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4216-15T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LAGRONE LADSON,
a/k/a MAN LABSON,

      Defendant-Appellant.

_____

Submitted December 6, 2017 – Decided March 13, 2019

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 12-06-1114 and 12-12-2143.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Lagrone Ladson appeals from the order of the Law Division, Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

On May 3, 2013, defendant entered into a negotiated agreement with the State through which he pled guilty to count three in Indictment 12-06-1114, charging him with third degree possession of 100 bags of heroin with intent to distribute within 1,000 feet of a public elementary school in Jersey City, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-7.[1] The State agreed to dismiss the remaining charges in the indictment related to defendant[2] and recommend the court sentence defendant to a term of five years, with three years of parole ineligibility. The plea agreement also resolved an unrelated violation of probation. Defense counsel acknowledged, however, that this plea agreement did not "in any way resolve the other open indictment . . .[.]"

---

[1] In addition to this offense, Indictment 12-06-1114 also charged defendant with third degree possession of heroin, N.J.S.A. 2C:35-10(a)(1); third degree possession of heroin with intent to dispense or distribute in a quantity of one half ounce of less, N.J.S.A. 2C:35-5(b)(3); second degree possession of heroin with intent to distribute within 500 feet of real property comprising a public housing facility, N.J.S.A. 2C:35-7.1(a); and third degree conspiracy to distribute heroin, N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(3), and N.J.S.A. 2C:5-2.

[2] Indictment 12-06-1114 also included a count charging defendant and Lavada F. Evans as coconspirators to distribute heroin.

On February 17, 2014, defendant appeared before a different judge and was represented by a different attorney, who informed the judge that defendant intended to file a motion to withdraw his guilty plea. The assistant prosecutor who represented the State noted for the record that defendant had an unrelated pending indictment "which I'm guessing will tag along with the motion to withdraw the guilty plea and . . . what will happen with the motion to withdraw will determine what happens with my open indictment." The judge established a briefing schedule for defendant's motion and adjourned the matter.

On April 2, 2014, defendant's recently hired replacement counsel informed the judge that he had negotiated an agreement with the State concerning Indictment 12-12-2143.[3] Defendant agreed to plead guilty to count ten of Indictment 12-12-2143, which charged him with second degree aggravated assault by purposely or knowingly causing serious bodily injury to Hoboken Police Officer Ryan DiMone, N.J.S.A. 2C:12-1(b)(1), and count twenty-two, which charged him with second degree possession of heroin with

---

[3] Indictment 12-12-2143 contained twenty-five separate counts and named Michael Rosado as a defendant in count one on the charge of third degree possession of heroin, N.J.S.A. 2C:35-10(a)(1). Defendant and Rosado were named as codefendants in counts two, three, and four, which all relate to possession and distribution of heroin. Defendant is the only person named in the remaining counts.

intent to distribute within 500 feet of real property comprising a public housing facility, N.J.S.A. 2C:35-7.1(a).

In exchange for defendant agreeing to plead guilty to second degree aggravated assault, the State agreed to dismiss the remaining counts of Indictment 12-12-2143 and recommend a term of ten years imprisonment, with an eighty-five percent period of parole ineligibility and three years parole supervision pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2; on the second degree heroin offense, the State would recommend a concurrent term of eight years imprisonment, with four years of parole ineligibility. The record does not explain why defendant did not follow through with the motion to withdraw his guilty plea.

The record of the plea hearing shows the judge addressed defendant directly and confirmed he understood the terms of the agreement and had had sufficient time to discuss the matter with his attorney. Defense counsel thereafter asked defendant a series of questions that provided a factual basis for defendant's guilty plea. The judge sentenced defendant on May 16, 2014 in accordance with the plea agreement; he provided the following explanation for his decision:

> [Defendant] is [s]ingle, [has] two children, [and completed up to the] tenth grade at Hoboken High

School. He did get his GED in the Hudson County jail. Last living with his girlfriend in Jersey City. He does have some substance abuse issues, ecstasy, PCP, marijuana. [He is u]nemployed, [and] last worked . . . in 2010.

His record is pretty extensive, thirteen arrests, <u>eleven indictable convictions</u>, most of it drug related. Aggravating factors three, six, and nine apply. I can't see any mitigating factors . . . I'll abide by the plea agreement . . .[.] [(Emphasis added).]

On count three of Indictment 12-06-1114, the court imposed an extended term of eight years, with four years of parole ineligibility. On the two counts related to Indictment 12-12-2143 the court imposed a six-year term subject to NERA on the second degree aggravated assault of the police officer, and an eight-year term with four years of parole ineligibility on the third degree possession of heroin with intent to distribute within 1,000 feet of a school.

Defendant did not appeal the sentences imposed by the court on the charges reflected in the two indictments. On March 3, 2015, defendant filed a pro se PCR petition and requested the assignment of counsel to assist him in its prosecution. In a certification prepared by PCR counsel in support his petition, defendant averred he "had no experience with legal matters, or with procedure and trusted my attorney to provide guidance and advise me of all matters relevant to my case." He claimed his first attorney provided him with ineffective

assistance because he "was not granted discovery for full inspection prior to accepting the terms of the plea agreement." Defendant claimed he discharged his first attorney and retained new counsel with the expressed purpose of withdrawing his guilty plea to the charge in Indictment 12-06-1114. He averred he did not enter his guilty plea "knowingly and voluntarily."

On November 12, 2015, at the request of recently assigned PCR counsel, the judge adjourned the oral argument hearing to February 29, 2016. On that date, PCR counsel appeared before the court under the mistaken assumption that "we were having an evidentiary hearing today . . . [.]" When the judge made clear that the matter was scheduled for oral argument, PCR counsel stated that after the discussing the case with defendant's former counsel:

> we're going to rely on the already supplied materials
> that Mr. Ladson made in his petition and in his
> certification [claiming] that counsel did not properly
> prepare his case. [Defendant] wanted to - - he was
> willing to take the case to trial but essentially he was -
> - he found himself having to take the plea.

The PCR judge denied defendant's petition that same day. He explained the basis of his ruling in a memorandum of opinion. The judge found petitioner's claims of ineffective assistance of counsel were based on plea counsel's failure to: (1) properly review his case; (2) provide him with discovery; and (3) obtain records "that would have been helpful to the case." The judge found defendant's

6

claims were not supported by the record of the plea hearing. Applying the two-prong standard established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-94 (1984), and subsequently adopted by our Supreme Court in in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), the PCR judge found defendant did not make out a prima facie case of ineffective assistance of counsel. Viewing the record in the light most favorable to defendant, the judge found an evidentiary hearing was not warranted. <u>State v. Preciose</u>, 129 N.J 451, 462 (1992).

Defendant raises the following arguments in this appeal.

POINT ONE

DEFENDANT IS ENTITLED TO AN
EVIDENTIARY HEARING BECAUSE HIS PLEA
ATTORNEYS WERE INEFFECTIVE IN FAILING
TO PROVIDE HIM WITH DISCOVERY.

POINT TWO

DEFENDANT IS ENTITLED TO AN
EVIDENTIARY HEARING BECAUSE HIS PLEAS
WERE NOT KNOWINGLY AND INTELLIGENTLY
GIVEN. (Not Addressed)

POINT THREE

DEFENDANT'S POST CONVICTION RELIEF
COUNSEL RENDERED INEFFECTIVE
ASSISTANCE OF COUNSEL. (Not Raised Below)

7

Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirmed substantially for the reasons expressed by the PCR judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4216-15T3